IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSANDRA MEMMER,

     Plaintiff,

v.

UNITED WHOLESALE MORTGAGE,

     Defendant.

Case No. 2:23-cv-10921-LVP-APP

Hon. Linda V. Parker

## PLAINTIFF KASSANDRA MEMMER'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT

Plaintiff Kassandra Memmer, through counsel, respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's February 27, 2026 Opinion and Order granting Defendant's renewed motion to compel arbitration. Relief is warranted because the Court committed clear legal error resulting in a manifestly unjust disposition. The Court imposed a merits-screening requirement not found in the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, construed "sexual harassment" too narrowly, and resolved disputed inferences against Plaintiff at the pleading stage in concluding that Plaintiff had not alleged a qualifying sexual-harassment dispute. Eastern District of Michigan Local Rule 7.1(h) separately directs that motions seeking reconsideration of final orders or judgments must proceed under Rule 59(e) or Rule 60(b).

1

I.      STANDARD

A motion under Rule 59(e) may be granted to correct a clear error of law, account for newly discovered evidence, accommodate an intervening change in controlling law, or prevent manifest injustice. Rule 59(e) is not a vehicle to relitigate matters already decided, but it permits correction of legal errors that affected the judgment.

II.     ARGUMENT

A. The Court Imposed a Merits-Screening Requirement That the EFAA Does Not Contain.

The EFAA applies to a "case" relating to a "sexual harassment dispute." 9 U.S.C. §§ 401(4), 402(a). Congress defined a sexual-harassment dispute as a dispute "relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." Id. § 401(4). The statute says "alleged." It does not say "plausibly alleged," nor does it require a court to adjudicate the legal sufficiency of a harassment claim before deciding whether the employee may elect a judicial forum.

The Court nevertheless held that Plaintiff had to plead a plausible sexual harassment claim to invoke the EFAA and treated that issue as dispositive. Plaintiff submits this was error. Courts do not add words Congress omitted. *Bates v. United States*, 522 U.S. 23, 29 (1997). The Sixth Circuit did not adopt a threshold plausibility rule either. It remanded for this Court to determine whether the EFAA applies after clarifying when a "claim" accrues and when a "dispute" arises. *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 413 (6th Cir. 2025). In doing so, the panel stated only that "other questions may become relevant on remand," including whether Memmer's sexual-harassment claim must be "plausible" to remain in court.

2

*Id*. That statement identified an open question. It did not impose a threshold plausibility requirement. This Court converted that open question into a dispositive rule against Plaintiff. That is clear legal error requiring amendment of the judgment.

### B. Even If Some Threshold Screening Were Appropriate, the Court Construed "Sexual Harassment" Too Narrowly.

The Court's order rests on the premise that Plaintiff alleged, at most, isolated comments or discrete pregnancy-related discrimination, not "sexual harassment." But hostile-work-environment law does not define sexual harassment so narrowly. Sexual harassment under Title VII is not limited to sexual advances, propositions, or conduct motivated by sexual desire. Harassment because of sex includes sex-specific, derogatory, and gender-based hostility that alters the terms and conditions of employment. *Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 80–81 (1998); *Williams v. Gen. Motors Corp*., 187 F.3d 553, 565 (6th Cir. 1999). *Williams* expressly held that "the conduct underlying a sexual harassment claim need not be overtly sexual in nature." 187 F.3d at 565.

That principle matters here because the EFAA incorporates whether the alleged conduct would constitute sexual harassment under "applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). The relevant question is therefore not whether Plaintiff alleged only explicit sexual propositions or quid pro quo demands. The question is whether the conduct alleged is conduct that would constitute sexual harassment under governing law. The Court's analysis treated "sexual harassment" too narrowly by effectively excluding sex-based harassment that is not overtly sexual in content.

3

The Second Circuit's decision in *Olivieri* confirms that the EFAA is not read so narrowly. There, the court held that claims related to alleged sexual harassment, including retaliation claims connected to that harassment, fell within the EFAA's reach because the statute applies to a "case" that "relates to" the sexual harassment dispute. *Olivieri v. Stifel, Nicolaus & Co.,* 112 F.4th 74, 84–92 (2d Cir. 2024).

### C.  The Court Improperly Resolved Inferences Against Plaintiff.

Plaintiff alleged that a male broker contacted her, hit on her, told her she was "too pretty to be an underwriter," and said he would tell CEO Matt Ishbia to make her a model for the company. Plaintiff further alleged that she reported the incident to Tyler Creager, the leader filling in for her regular leader, and was told to laugh it off and forget it. She also alleged that the incident was never escalated although it should have been.

At this stage, the problem is not simply that the Court found these allegations insufficient. The problem is how the Court reached that conclusion. The Court isolated the broker incident, treated the pregnancy-related allegations as categorically separate, and then evaluated each category in the narrowest possible way. But the EFAA asks whether the case relates to a sexual-harassment dispute. 9 U.S.C. § 402(a). That language is broad. *Olivieri* emphasized that "relates to" reaches claims connected to the underlying harassment dispute. 112 F.4th at 84–92.

Here, the order compartmentalized the allegations into separate silos and then held each silo insufficient. That approach is at odds with the totality-of-the-circumstances framework governing hostile-work-environment claims. *Williams*, 187 F.3d at 562–63. When the allegations are considered together and the inferences are drawn in Plaintiff's favor, the complaint alleges

sex-based harassment, management indifference to reported harassment, and subsequent adverse treatment during pregnancy. That is at least enough to allege a dispute "relating to conduct that is alleged to constitute sexual harassment" under applicable federal law.

### D. The Court Also Erred in Concluding That Employer Knowledge Was Not Adequately Alleged.

The order further reasoned that Plaintiff failed to allege a qualifying harassment dispute because the complaint did not adequately tie the broker's conduct to employer knowledge or corrective inaction. But Plaintiff alleged that she reported the incident to "Tyler Creager, leader filling in for her leader for the day," that Creager told her to laugh it off and forget it, and that the incident was never reported although it should have been. Those allegations, accepted as true, support the reasonable inference that Plaintiff reported the conduct to a workplace leader acting in a supervisory role at the time and that UWM failed to respond appropriately.

At minimum, that is enough to allege employer knowledge at the pleading stage. Under Sixth Circuit law, employer liability for coworker harassment turns on whether the employer knew or should have known of the harassment and failed to take prompt and appropriate corrective action. *Williams*, 187 F.3d at 561, 566. The Court instead relied on a narrower characterization of Creager's status and drew inferences against Plaintiff. That was improper in deciding whether the EFAA barred arbitration.

### E.  Correcting These Errors Changes the Result.

The Court's ruling turned on its conclusion that Plaintiff had not alleged a qualifying sexual-harassment dispute within the meaning of the EFAA. Once the statute is applied as

5

written, without imposing an extra plausibility requirement and without narrowing "sexual harassment" to overtly sexual conduct alone, Plaintiff has alleged a sexual-harassment dispute within the meaning of the EFAA. At that point, the arbitration agreement is unenforceable, at Plaintiff's election, "with respect to a case" relating to that dispute. 9 U.S.C. § 402(a). The February 27, 2026 order should therefore be amended, the order compelling arbitration vacated, and this case reinstated on the Court's active docket.

III. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this motion under Rule 59(e), alter or amend its February 27, 2026 Opinion and Order compelling arbitration, reinstate this action to the Court's active docket, and grant any further relief the Court deems just and proper.

Dated: March 27, 2026      Respectfully submitted,

/s/ Carla D. Aikens
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
Attorneys for Plaintiff
carla@aikenslawfirm.com
connor@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause, upon each of the attorneys of record, at their respective addresses as directed on the pleadings on March 27, 2026, by electronic means and/or ordinary mail.

/s/ Katarzyna Nowicki