UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSANDRA MEMMER,

Plaintiff,

v.

Case No. 23-cv-10921
Honorable Linda V. Parker

UNITED WHOLESALE MORTGAGE,

Defendant.
________________________________,

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION" (ECF NO. 35)**

**Background**

On April 19, 2023, Plaintiff filed this lawsuit against Defendant, asserting several claims, including sexual harassment under federal and Michigan law, arising from her employment. Defendant moved to dismiss, arguing that the claims were subject to an arbitration clause in Plaintiff's employment contract. This Court agreed, but the Sixth Circuit reversed, concluding that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") potentially governed the dispute and precluded enforcement of the arbitration clause.

On remand, Defendant filed a renewed motion to dismiss and to compel arbitration. In the motion, Defendant focused on the accrual date of Plaintiff's

sexual harassment claims to assert that the EFAA was inapplicable. Defendant also asserted that, if the Court found that Plaintiff's Complaint did not resolve the accrual issue, it should entertain additional briefing on other questions, such as whether Plaintiff's sexual harassment claims are "plausible" and whether the EFAA applies if they are not. After Defendant's motion was fully briefed, the Court requested supplemental briefing on several issues, including whether the EFAA applies if Plaintiff fails to allege a plausible sexual harassment claim and whether the claims are plausibly alleged.

After supplemental briefing was completed, the Court entered an opinion and order concluding that the EFAA only applies where the plaintiff alleges a plausible claim covered by the statute. The Court then concluded that Plaintiff fails to allege a plausible sexual harassment claim. Plaintiff now seeks "reconsideration" of the decision pursuant to Federal Rule of Civil Procedure 59(e). Defendant responded to the motion.

**Standard of Review**

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

**Arguments and Analysis**

Plaintiff first argues that the EFAA does not impose a plausibility standard to render it enforceable. She contends that the Sixth Circuit did not adopt a threshold plausibility rule in its decision in this matter, and that the statute does not contain one. The Sixth Circuit did not hold, however, that a plausibility threshold does not apply. Instead, it expressly left the question unresolved, indicating that, on remand, it may be a relevant issue to address. In her motion for reconsideration, Plaintiff asserts no new arguments with respect to this issue, which were not already rejected by the Court in its ruling.

Plaintiff next argues that the Court construed "sexual harassment" too narrowly, failing to consider all of the allegations related to sex (including her pregnancy) in her Complaint. Plaintiff maintains that the Court ignored allegations that were not overtly sexual in content. She next claims that the Court looked at the allegations in isolation instead of under a totality-of-the-circumstances framework: "compartmentalz[ing] the allegations into separate silos and then h[olding] each silo insufficient." The Court, however, considered all of her allegations and considered whether, together, they were sufficiently severe, pervasive, or physical to constitute sexual harassment under the law.

Lastly, Plaintiff claims error in the Court's conclusion that Defendant was not liable for the alleged harassment. For the reasons discussed in the Court's February 27 decision, it continues to find insufficient allegations to plausibly allege that Defendant knew or should have known about the broker's comments. In any event, even if the Court erred, this would not change the outcome because Plaintiff still failed to establish sufficient facts to plausibly allege actionable sexual harassment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 35) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 4, 2026